Munzer A. ZAHREN, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General of the United States, Respondent.

No. 06–1301.

United States Court of Appeals, Seventh Circuit.

Jan. 27, 2011.

John L. Sesini, Attorney, Milwaukee, WI, for Petitioner.

David V. Bernal, Attorney, OIL, Attorney, Jennifer Paisner, Attorney, Colette Jabes Winston, Attorney, Department of Justice, Civil Division, Immigration Litigation, Washington, DC, for Respondent.

Before DANIEL A. MANION, Circuit Judge, DIANE P. WOOD, Circuit Judge and TERENCE T. EVANS, Circuit Judge.

The following are before the court:

1. **PETITION FOR PANEL REHEARING,** filed on July 2, 2007, by counsel for the petitioner.

2. **BRIEF AMICUS CURIAE OF THE NATIONAL IMMIGRANT JUSTICE CENTER IN SUPPORT OF APPELLANT'S PETITION FOR REHEARING,** filed on July 12, 2007, by counsel for the amicus curiae.

3. **RESPONDENT'S RESPONSE TO PETITION FOR PANEL HEARING,** filed on October 29, 2010, by counsel for the respondent.

At the respondent's request, we suspended (for three and a half years!) proceedings on the petitioner's petition for rehearing pending the efforts of the Department of Homeland Security to determine whether Jordan, the country of removal designated by the Immigration Judge, would accept the petitioner. The respondent has filed status reports regarding the attempts and has informed the court that Jordan refuses to accept the petitioner. Accordingly, we ordered the respondent to respond to the petition for rehearing on the merits. Both parties agree that the petition for rehearing must be granted, but the respondent argues that we should adjudicate the petitioner's claim with respect to Israel, while the petitioner and the amicus curiae argue that we should remand to the Board of Immigration Appeals for further proceedings.

Although the Notice to Appear issued to petitioner Zahren charged him with being a native of Israel and a citizen of Jordan, the Immigration Judge designated Jordan as the sole country of removal. Given the designation of Jordan as the country of removal and the fact that Zahren did not contend that he faces persecution or torture in Jordan, we found no basis to question the Board's decision and denied the petition for review. However, we expressed our concerns about the consequences of his removal to the West Bank should Zahren's removal to Jordan not be

effectuated. *Zahren v. Gonzales,* 487 F.3d 1039, 1041 (7th Cir.2007). We also observed that the Board of Immigration Appeals did not accord appropriate weight to the convincing evidence Zahren presented in support of his argument that he will face death for his conversion to Christianity. *Id.* at 1040. In light of our concerns regarding the weight the Board accorded Zahren's evidence, Jordan's refusal to accept Zahren, and the passage of over five years (with significant changed country conditions in the West Bank) since the Board's decision, we are convinced that further agency consideration is appropriate. We therefore need not address the concerns raised by the amicus curiae.

**IT IS ORDERED** that the petition for rehearing is **GRANTED** and the petition for review is **GRANTED**. We **REMAND** to the Board of Immigration Appeals for further proceedings. Given the passage of time since the Board's prior decision, any changed country conditions should be considered.