**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1128
_____

IBRAHIM HUSEIN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A096-694-060)
Immigration Judge:  Margaret R. Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 7, 2011

Before:  AMBRO, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed:  October 18, 2011)
_____

**OPINION**
_____

PER CURIAM

        Section 237(a)(2)(A)(i) of the Immigration and Nationality Act (INA) makes

removable from the United States "[a]ny alien who - - (I) is convicted of a crime

involving moral turpitude committed within five years . . . after the date of admission,

and (II) is convicted of a crime for which a sentence of one year or longer may be imposed." 8 U.S.C. § 1227(a)(2)(A)(i). The Government charged Ibrahim Husein, a Palestinian born in the West Bank[1], as removable under that provision based on Husein's March 2009 conviction in New Jersey for theft by unlawful taking. An Immigration Judge (IJ) sitting in Newark, New Jersey sustained the removal charge and ordered Husein removed to Jordan.

According to the Notice to Appear, Husein: (1) was "admitted to the United States at New York, New York on or about August 5, 2003 as a NONIMMIGRANT (V2)" visitor; (2) adjusted his status to that of a lawful permanent resident on July 25, 2006; and (3) did not commit the theft underlying his criminal conviction until September 18, 2008, more than five years after his lawful entry into the country. Nevertheless, the IJ was bound by then-controlling Board of Immigration Appeals (BIA) precedent holding that the date an alien adjusts status can qualify as "the date of admission" for purposes of sustaining a removal charge under INA § 237(a)(2)(A)(i). See In re Shanu, 23 I. & N. Dec. 754 (2005). Since Husein committed the theft within twenty-six months of adjusting status, the IJ concluded that he was removable under INA § 237(a)(2)(A)(i). Husein, proceeding pro se, appealed.

In addition to his notice of appeal, Husein submitted to the BIA a nine-page letter-

---

[1] Husein was born in June 1985. Until 1988, the U.S. State Department recognized Jordanian sovereignty over the West Bank, though the area was technically controlled by Israel following the Six-Day War in 1967. (AR 242, 254); see also Zahren v. Gonzales, 487 F.3d 1039, 1041 (7th Cir. 2007), reh'g granted and case remanded, 637 F.3d 698 (7th Cir. 2011).

brief. The brief was stamped "received" by the BIA Office of the Clerk on September 20, 2010. Appended to the brief were copies of two judicial opinions: Padilla v. Kentucky, --- U.S. ---, 130 S. Ct. 1473 (2010), and Aremu v. DHS, 450 F.3d 578 (4th Cir. 2006). Notably, Aremu vacated the BIA's decision in In re Shanu and held that where a lawfully-admitted alien later adjusts status (and does not depart from the United States in the interim), the "date of admission" language in INA § 237(a)(2)(A)(i) refers only to the day the alien lawfully entered the United States.

On January 6, 2011, the BIA dismissed the appeal and declined to remand on the basis of Husein's pending state collateral attack proceedings. The BIA stated that "the fact that the respondent is seeking post-conviction relief on the basis of Padilla does not affect the finality of his conviction for immigration purposes unless and until it is overturned by a criminal court." In addition, the BIA noted that it was "not unsympathetic to the humanitarian factors cited by the respondent and [ ] the remorse he expresses for committing his crime," but that those facts, "without more, [are] insufficient to warrant the exercise of our discretionary authority to *sua sponte* remand proceedings." The BIA did not address Aremu or the underlying removal charge.

Husein timely filed this petition for review. By order March 9, 2011, we granted his motion to stay removal, and deferred action on the Government's motion to dismiss the petition for review for lack of jurisdiction. In our order granting the stay, we cited In re Alyazji, 25 I. & N. Dec. 397 (2011), which overruled In re Shanu in relevant part and held that "a conviction for a crime involving moral turpitude triggers removability under

3

section 237(a)(2)(A)(i) only if the crime was committed within 5 years after the date of the admission by virtue of which the alien was then in the United States." Id. at 397-98. The parties then filed their briefs, and the matter is now ripe for adjudication.[2]

We have jurisdiction to review the BIA's January 6, 2011 decision under 8 U.S.C. § 1252(a)(1)[3], and conclude that a remand is warranted in order for the BIA to address the adequacy of the underlying removal charge and, in doing so, to consider the impact of new BIA precedent—In re Alyazji—on Husein's removability. By appending the Aremu opinion to his brief before the agency, the BIA was given sufficient notice that Husein was reasserting his challenge to the applicability of INA § 237(a)(2)(A)(i). See Higgs v. Att'y Gen., --- F.3d ---, 2011 WL 3715784, *4 (3d Cir. Aug. 25, 2011, No. 09-3128) (a pro se alien petitioner has satisfied the exhaustion requirement "if he made some effort,

---

[2] Neither party discussed in their briefs In re Alyazji. Nor did they discuss the merits of Husein's removal charge generally, save a stray assertion in Husein's reply brief that "[t]he record of conviction lacks to [sic] establish that this crime amounted to an aggravated felony." Nevertheless, we will not deem waived Husein's challenge to the underlying removal charge. See Forestal Guarani S.A. v. Daros Int'l., Inc., 613 F.3d 395, 403 n.11 (3d Cir. 2010) ("the waiver doctrine is founded on equitable principles and . . . its enforcement is within our discretion"). Equity favors restraint in these circumstances in order to eliminate the possibility that a pro se alien's deportation will be tied solely to his ignorance of an extremely complex area of law. See Baltazar-Alcazar v. INS, 386 F.3d 940, 948 (9th Cir. 2004) ("With only a small degree of hyperbole, the immigration laws have been termed second only to the Internal Revenue Code in complexity. A lawyer is often the only person who could thread the labyrinth"). Husein's motion to file his reply brief out of time is granted.

[3] The Government's motion to dismiss is denied. While we agree with the Government that we lack jurisdiction to review the BIA's refusal to remand sua sponte, see Pllumi v. Att'y Gen., 642 F.3d 155, 159 (3d Cir. 2011), we do have jurisdiction to review the BIA's decision insofar as it upheld the IJ's removal order, and insofar as questions of law are implicated by the petition for review.

4

however insufficient, to place the Board on notice of a straightforward issue being raised on appeal") (citation and internal quotations omitted); see also Joseph v. Att'y Gen., 465 F.3d 123, 126 (3d Cir. 2006) (noting our "liberal exhaustion policy," and stating that "an alien need not do much to alert the Board that he is raising an issue"). In making the exhaustion inquiry, our precedent instructs that we focus on the nature of the notice provided to the BIA by the alien's submissions on appeal. Hoxha v. Holder, 559 F.3d 157, 160 (3d Cir. 2009). There can be no other logical explanation for Husein's submission of a copy of the opinion in Aremu, which vacated the BIA decision found to be controlling by the IJ in Husein's case, other than that Husein was challenging on appeal the removal charge in the Notice to Appear.

Generally "we" are unable to review" issues that the BIA fails to address. Id. at 163 (citing INS v. Ventura, 537 U.S. 12, 15-17 (2002)). Therefore, we will grant Husein's petition for review, vacate the January 6, 2011 decision of the BIA, and remand for further proceedings in order that the BIA may determine, in the first instance, whether the removal charge in Husein's case is tenable, especially given In re Alyazji.4

---

4 Husein's motion for "bond redetermination" is dismissed. We agree with the Government that "Husein's detention is not within the scope of the instant petition for review filed with this Court." We also agree with the Government that issues related to Husein's immigration detention are properly the subject of a petition for writ of habeas corpus, under 28 U.S.C. § 2241, filed in the appropriate federal district court. See, e.g., Diop v. ICE/Homeland Sec., --- F.3d ---, 2011 WL 3849739, *2 (3d Cir. Sept. 1, 2011).